**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

GRACE ADAMS                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO 4:07-cv-96 HTW-LRA

LILLIE HARRIS, et. al.                                                                           DEFENDANT

**ORDER OF REMAND**

The above styled and numbered cause purports to be removed to this court by Grace Adams, a person self-designated as a plaintiff in an underlying state court action which was ready for hearing in the Chancery Court of Newton County, Mississippi, on the day it was purportedly removed to this court. According to counsel for the defendant, on that date, the Chancery Court was prepared to address various motions filed by Grace Adams in a probate action relative to the Estate of William Thomas Ellis. The purported plaintiff Grace Adams is not a named party in the state court action, but seeks to intercede as a beneficiary to the Estate. She now acts *pro se.*

This case must be remanded immediately to state court. This *pro se* plaintiff has not followed the procedure for removal set forth at Title 28 U.S.C. §§ 1441[1] and 1446[2]

---

[1] Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending...."

[2] Title 28 U.S.C. § 1446 (b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

of the United States Code.

The background facts here are quite simple. Legal issues relative to the Estate were pending disposition in the Chancery Court of Newton County, Mississippi, as case number 2006-NO12, when Grace Adams, an alleged heir and interested party in the state court proceedings, determined to "remove" the matter to federal court.

Thereafter, the Estate filed a motion to remand the case and submitted the motion as a "special appearance for remand" in order to contest and to preserve objections under Rule 12(b)(1-6)[3] of the Federal Rules of Civil Procedure. The Estate challenges this court's subject matter jurisdiction, personal jurisdiction and venue. The Estate also contends that service of process is lacking, and that no claim for which relief can be granted has been stated against the three parties named as "defendants" in this case.

As earlier stated, this court has determined to remand this matter to state court. The court is persuaded that plaintiff's removal suffers a number of ills.

First of all, this court has not located any case styled as "Grace Adams v. Lillie Harris, et al.," from state court which purports to allege the matters here presented. According to the defendants in their motion to remand, plaintiff uses the above style and number only because that is the way Grace Adams filed this matter in federal

---

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

[3]Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."

court. Actually, plaintiff filed in state court an action bearing the above style and number, but she did so as part of her challenge to the administration of the Estate in Chancery Court.

This is the second time Grace Adams has removed this case to a federal court to prevent trial. The first time she removed the action to the United States District Court for the Eastern District of Michigan. That court concluded that the matter was removed improperly because the Notice of Removal was not filed within the time permitted under § 1446(b). The court also noted that Grace Adams was not a defendant in the state court matter and that only a defendant may remove a case to federal court under § 1441.

Nevertheless, plaintiff removed again. She does not contend and the facts so indicate that this dispute features no federal question cognizable under Title 28 U.S.C. §1331.[4]

Neither is this court's subject matter jurisdiction under Title 28 U.S.C. § 1332,[5] diversity of citizenship, implicated. Removal of probate matters are improper.

The state court case removed by Grace Adams seeks to administer an estate and to dispose of property, matters which are within the jurisdiction of the Chancery Court of Newton County, Mississippi. *See* Miss. Code Ann. § 11-5-1 (suits against

---

[4]Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[5]Title 28 U.S.C. § 1332 provides in pertinent part:

  (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

      (1)  citizens of different States; ...

executors, administrators, and guardians, touching the performance of their official duties, and suits for an account and settlement by them, and suits for the distribution of personalty of decedents among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court in which the will was admitted to probate, or letters of administration were granted).  The matters set forth in Miss. Code Ann. § 11-5-1 are outside the federal court's jurisdiction pursuant to what is referred to as the "probate exception".  This exception to federal jurisdiction reserves to the appropriate state courts the probate or annulment of a will and the administration of a decedent's estate.   *Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006);  *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946).

Plaintiff's removal suffers from additional defects.  She seeks to remove what should be a civil action to this court alleging criminal accusations.  She, by her own papers, is a plaintiff in state court who purportedly filed an action in state court.  She cannot now remove her own action to federal court.  Additionally, the rules of removal prescribe that a removing party must remove within thirty days of the time that an action becomes removable.  Her removal is well beyond the commencement of the state court proceeding.

Finally, on September 27, 2007, the United States Magistrate Judge directed Grace Adams to respond to the motion of the Estate to remand this case to the Chancery Court of Newton County, Mississippi, for the trial interrupted by this improper removal procedure.  Grace Adams has not responded as directed.

Therefore, for the reasons stated, this case is immediately remanded to the Chancery Court of Newton County, Mississippi, so that trial of this matter may proceed.

The Estate and the named defendants have petitioned this court to award them any costs, attorney fees and expenses incurred as the result of and relating to this inappropriate removal. This court is prepared to grant the motion since this removal was utterly frivolous and contumacious. Plaintiff, *pro se*, has absolutely no understanding of the removal statutes, nor any jurisprudence associated therewith. The defendants, however, announced at hearing that they would forego any such costs, attorney fees, and expenses connected with this removal in order to resolve all remaining issues in this court and proceed to hearing in the state court.

**SO ORDERED** this the 7th day of March, 2008.

                                    **s/ HENRY T. WINGATE**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO 4:07-cv-96 HTW-LRA
Order of Remand